MOSIER et al. v. UNITED STATES FIDELITY & GUARANTY CO.

(Supreme Court, Appellate Division, Fourth Department.  November 17, 1909.)

1. INSURANCE (§ 128*)—ACTIONS—JURY QUESTION—TERMS OF CONTRACT.
    In an action against a guaranty company for breach of a contract to furnish bonds for plaintiff at "a premium charge at the rate of 15 cents per $100 for each bond," whether the rate was 15 cents per annum, or for the whole term, and whether the words "per annum" were omitted from the contract by mistake, held, at most, a question of fact.
    [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 128.*]

2. APPEAL AND ERROR (§ 1011*)—FINDINGS—CONCLUSIVENESS.
    In an action for breach of a contract to furnish indemnity bonds, where the evidence made it a question of fact whether the rate provided by the

For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

contract was 15 cents per annum, or for the whole term of the indemnity, and both parties moved for a directed verdict, the direction of a verdict for plaintiff settled the question in his favor.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3989; Dec. Dig. § 1011.*]

3. INSURANCE (§ 6*)—VALIDITY OF CONTRACT—STATUTORY LIMIT OF AMOUNT.
Since Insurance Law (Laws 1892, p. 1941, c. 690) § 24, as amended by Laws 1906, p. 768, c. 326, § 7, while providing that no single risk shall be taken by a guaranty company to an amount exceeding 10 per cent. of its capital stock and surplus, also provides that the part of such risk reinsured shall not be included in determining the limitation prescribed, a contract to furnish indemnity bonds in excess of such 10 per cent. limit was not invalid, as being beyond the company's authority, even though it did not expressly provide for reinsurance in part, as the company was bound to comply with the contract, if it could do so under the law.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 6.*]

Appeal from Trial Term, Erie County.

Action by Charles Mosier and another against the United States Fidelity & Guaranty Company. From a judgment for plaintiff upon a directed verdict, and from an order denying a new trial, defendant appeals. Affirmed.

McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Love & Keating for appellant.

Roberts, Becker, Messer & Groat, for respondents.

WILLIAMS, J. The judgment and order should be affirmed, with costs. The action was brought to recover damages for the breach of a contract, made between the parties, for the furnishing of bonds by the defendant guaranteeing the performance by the plaintiffs of contracts made by them with other parties. The contract between these parties was made August 12, 1905. About June 1, 1906, the plaintiffs were about to enter into a contract with the state for the improvement of the Oswego Canal, at Fulton, N. Y., the contract price being $1,126,718, and were required to furnish a bond for $285,000. The defendant was asked to furnish this bond, and their alleged refusal to do so constitutes the breach of contract for which the damages were sought in this action.

The plaintiffs claimed the rate of compensation they were required to pay the defendant for the bond was 15 cents per $100 of amount of the contract for its full term. That rate, upon $1,126,718, amounted to $1,690.08. The plaintiffs were obliged to pay another company for the bond $8,000, and for the difference between these two amounts, $6,309.92, with interest from the date of the alleged breach of the contract between these parties, the verdict was directed. The defendant claimed the rate was 15 cents per annum, instead of 15 cents for its full term, and that, the contract guaranteed not having been completed when this action was tried. The true amount of damages, if any, could not be determined. This disagreement as to the rate, with other things, was the excuse of the defendant for refusal to furnish the bond in question.

First. As to the rate agreed on, the language of the contract be-'tween these parties was:

"The applicant agrees to pay the company, in cash * * * for each instrument so executed, * * * a premium charge at the rate of 15 cents per $100 (based on amount of contract) for each bond guaranteeing the terms of any given contract."

The defendant claimed this language was indefinite, in that it did not state whether the 15 cents was a per annum or a flat rate, and it gave evidence by its agent, Mr. Walsh, that in the surety business all premiums were based on an annual rate, with very rare exceptions, when the word "flat" was inserted; that this was his experience after 10 years' service for the defendant. No proof was given as to the custom with other companies. During the negotiations for the contract between the parties, defendant wrote a letter to its agent, Walsh, and in it the rate of 15 cents was stated to be per annum. It was claimed that this letter was exhibited to one of the plaintiffs; but he denied any knowledge of it. Then, in the application for the contract made by the plaintiffs, it was stated that they agreed to pay in advance the premium of $1.50 on the amount of the contract bond for the first year, and $1.50 annually thereafter, etc. This application bears date August 12, 1905, the same as the contract itself. The agreement did not, however, refer to the application or make it a part thereof in any way, and the plaintiffs claimed they knew nothing of this provision in the application, which was made upon a blank some days before the contract was executed. The most that could be claimed in behalf of defendant as to the indefiniteness of the language of the contract and the proof as to its real meaning is that it was a question of fact in the case. Both parties moved for the direction of a verdict, and the decision of the court settled this question adversely to the defendant.

As to the claim that there was a mutual mistake, and the contract between the parties should have been reformed by inserting the words "per annum," this was at most a question of fact, to be determined upon the evidence, and the decision of the court settled it in favor of the plaintiffs. There were fair questions of fact in both these respects, upon the evidence, and we cannot say the court determined them improperly.

Second. It was claimed that the defendant had no authority to become surety upon so large a bond as the one in question, under section 24 of the Insurance Law (Laws 1892, p. 1941, c. 690), as amended by Laws 1906, p. 768, c. 326, § 7, providing that no single risk or hazard should be taken by such a corporation to an amount exceeding 10 per cent. of its capital and surplus. The defendant's capital and surplus amounted to $2,077,597.99, and 10 per cent. of that was $207,759.79. The bond in question was $285,000. The statute, however, provides that the part of such risk or hazard reinsured should not be included in determining the limitation prescribed by the statute. The defendant, therefore, could comply with the provisions of the statute by reinsuring a portion of the risk. The defendant answered to this that it was not bound by the terms of its contract to reinsure any part of the risks it undertook to take for the plaintiffs. It did,

however, expressly agree to furnish bonds up to $800,000, and, if it had the means of doing so within the law, it was bound to do it under its contract. No effort was made to show that reinsurance could not be obtained. This objection to a recovery was not, therefore, well taken.

We see no reason for reversing the judgment and order appealed from.

Judgment and order affirmed, with costs. All concur.